DARIUS GREENUP, appellant, v. NANCY STOKER, appellee.

*Appeal from St. Clair.*

In an action of *assumpsit* for a breach of marriage promise, the defendant asked the following instruction to be given to the jury: " That the jury, in their assessment of damages in this case, should they find against the defendant, cannot take into the account any damages sustained by the plaintiff, by reports raised since the commencement of this suit." The Court refused to give the instruction: *Held,* that it ought to have been given.

A party, who considers himself aggrieved by the admission of improper testimony, the tendency of which is not always perceived at the moment, and while the trial is in progress, or the giving of which many times cannot be prevented as it comes out spontaneously from the witness, and not in reply to a particular question, may relieve himself from the effects of such improper evidence, either by making a formal motion to exclude it from the consideration of a jury, or by asking instructions calculated to counteract its force.

ASSUMPSIT in the St. Clair Circuit Court, originally brought by the defendant in error against the plaintiff in error in the Washington Circuit Court, from which the venue was changed. The cause was heard before the Hon. Walter B. Scates and a jury, at the May term 1845, when a verdict was rendered in favor of the plaintiff below for $700. The instruction refused by the Circuit Court and assigned for error, will appear in the Opinion of this Court.

*L. Trumbull,* for the appellant.

*J. Gillespie,* and *W. H. Underwood,* for the appellee.

The Opinion of the Court was delivered by

KOERNER J.* Nancy Stoker, the plaintiff below, sued Darius Greenup, the defendant below, in *assumpsit* for breach of marriage promise, in the Washington Circuit Court. By change of venue, the cause was tried in the St. Clair Circuit Court at the May term 1845. Before the jury retired to consider of their verdict, the defendant's counsel asked numerous instructions of the Court, which were refused to be given, excepting one. The jury found a verdict

---

*WILSON, C. J., and Justices LOCKWOOD and CATON did not sit in this case.

Greenup v. Stoker.

for the plaintiff, and assessed the damages at seven hundred dollars.

The refusal to give the instructions was excepted to at the time by defendant's counsel, and the same, together with so much of the evidence as is calculated to show their applicability to the case, are embodied in a bill of exceptions.

The refusal to give the instructions asked for by defendant is the only error assigned here.

As the Court is of opinion, that the last instruction submitted by defendant's counsel ought to have been given, which view of the matter necessarily disposes of the case, we confine ourselves to the consideration of the question presented by the decision of the Court below on this last instruction. It appears from the bill of exceptions, that the defendant made an unsuccessful attempt to assail the character of the plaintiff for chastity, whereupon the plaintiff's counsel proved her good character up to the time of the commencement of the action, and also, that since that time rumors had been circulated prejudicial to plaintiff's character, but that the witnesses were unable to state by whom they were put in circulation, and that one of the witnesses stated, that he had heard more of these rumors by defendant, than any one else. That part of the testimony which relates to these rumors since the commencement of the action, was clearly objectionable, and, if an exception had been taken to it at the time, would undoubtedly have been excluded by the Court. But the party which considers himself aggrieved by the admission of improper testimony, the tendency of which is not always perceived at the moment, and while the trial is in progress, or the giving of which many times cannot be prevented, as it comes out spontaneously from the witness, and not in reply to a particular question, may relieve himself from the effects of such improper evidence, either by making a formal motion to exclude it from the consideration of a jury, or by asking instructions calculated to counteract its force.

The defendant in the present case adopted the latter course, by asking the Court to instruct as follows: "That

the jury, in their assessment of damages in this case, should they find against defendant, cannot take into the account any damages sustained by the plaintiff, by reports raised since the commencement of this suit."

If the defendant has slandered the plaintiff either before or after the commencement of this suit, he is liable to her in a distinct action, and, if sued, cannot set up the recovery in this case, against a recovery for slanderous words. The breach of a contract, and the defamation of character, are two very different things, and both cannot be made the subject of inquiry in the same suit.

From the ungenerous attempt to expose the fair character of a young woman, which defendant seems to have made, with a view to excuse a non-compliance with his contract, the plaintiff's counsel might well have derived a legitimate and powerful argument to induce a jury to find exemplary damages; and perhaps the Court would have been justified, if called upon, in directing the jury that they might take into consideration in assessing the damages, the nature of the defence attempted to be set up. But that would have been the extreme limit to which the Court could have gone. Other and independent injuries inflicted by defendant upon plaintiff were foreign to this action, and much more so were injuries inflicted by strangers to this suit, and the instruction asked for was general in its terms, embracing prejudicial reports, whether circulated by defendant or others.

The counsel for the defendant in error insist on a distinction to be taken between the giving of erroneous instructions and the withholding of proper ones, and that in the latter case, the party cannot be considered as injured, since the matter is left to be settled by the common sense of the jury, or their understanding of the law. Some authorities have been cited proving this view of the subject, but we think that this doctrine is not well founded. When a proposition as to what the law is, is submitted to the Court in the shape of an instruction, and is refused to be given, an intelligent jury will naturally conclude that the converse thereof is the law, which, in most cases, settles the point in favor of

the opposing party. The refusal of an instruction is, for this reason, considered by the legal practitioner so decisive of his case, that it becomes with him, and justly too, a point of grave consideration, when and how to ask instructions of the Court. The distinction which is contended for by the counsel, if there be any, would be one as to the greater or lesser degree of error, committed by the Court; a distinction which the law does not, and, for obvious reasons, cannot recognize.

The judgment of the Circuit Court must be reversed, and the cause remanded for a new trial. The appellees to pay the cost in this Court.

*Judgment reversed.*